USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Dennis Watkins,

                                         **Plaintiff,**

                          -against-

**POLICE OFFICER RAMOS,**

                                   **Defendant.**

-----------------------------------------------------------------X

14-CV-02748 (LGS)(SN)

**REPORT AND
RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LORNA G. SCHOFIELD:**

      In this action, *pro se* plaintiff Dennis Watkins brings claims against defendant Police Officer Ramos under 42 U.S.C. § 1983 ("§ 1983") and state law for excessive force, conspiracy, perjury, fraud, slander, and assault and battery. The defendant moved to dismiss Watkins's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted on the grounds that his claims are time-barred, that he has failed to state a claim of a constitutional violation, that perjury is not actionable, that witnesses providing testimony are immune from allegations of slander, and that Watkins failed to meet state notice requirements for his state law claims. Watkins argued in opposition, and in surreply, that the defendant also violated several other constitutional provisions. For the following reasons, I recommend that the defendant's motion be GRANTED, and that Watkins's case be dismissed with prejudice.

.

## BACKGROUND

**I.     Factual History**

On July 30, 2010, Watkins was in Bellevue Hospital Center, where he was committed following the arrest that is the subject of another complaint Watkins has before the Court and Judge Schofield.[1] At Bellevue, there was an altercation between Watkins and two officers, one of whom was defendant Officer Ramos. Ramos reported breaking his own wrist in the altercation; according to Watkins, Ramos lied about his wrist and conspired with Assistant District Attorney John Chananie to fabricate the charge of assault in the second degree. Around the dates of August 7 to 10, 2010, Watkins saw physicians at Bellevue for neck and back pain and was told he had a fracture in the third vertebrae of his neck. Watkins informed the physician of the incident, and the physician told him that it may have aggravated or exacerbated the injury. Ramos testified about the incident in a criminal proceeding against Watkins in June 2012.

**II.    Procedural History**

This case was opened on May 12, 2014, but back-dated to April 15, 2014. The complaint was dated October 17, 2013, and apparently notarized on October 23, 2013. The defendant moved to dismiss the complaint on October 10, 2014. On October 20, 2014, Watkins was served with that motion. On October 23, 2014, in light of the delay in service, I extended the briefing schedule. On December 2, 2014, the plaintiff filed his opposition. On January 7, 2015, the defendant filed his reply. On February 4, 2014, Watkins filed a surreply. Though Watkins did not seek permission to file a surreply, in light of his *pro se* status, I have reviewed it as a supplement to his opposition.

---

[1] See Watkins v. Matarazzo, 13 Civ. 02477 (LGS)(SN) (S.D.N.Y. April 11, 2013).

**DISCUSSION**

**I.      Standard of Review**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must take "factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The Court should not dismiss the complaint if the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that [the Court] must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

The Court may consider any written documents that are attached to a complaint, incorporated by reference, or are "integral" to it. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). This includes documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The Court "may also look to public records . . . in deciding a motion to dismiss." Taylor, 313 F.3d at 776.[2]

---

[2] The defendant attaches two exhibits to his motion, which are court documents written and filed by Watkins and so may be considered. The plaintiff also includes two exhibits, made up of information from

When faced with a *pro se* litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). While *pro se* litigants face a lowered burden to asserting claims, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." Jackson v. NYS Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting Twombly, 550 U.S. at 555).

A motion to dismiss based on a defendant's claim that the plaintiff's allegations are time-barred falls under Rule 12(b)(6). If the claims are found to be time-barred, they are properly dismissed with prejudice. See, e.g., Gaston v. New York City Dep't of Health Office of Chief Med. Exam'r, 432 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (dismissal with

---

the website of the Epilepsy Foundation and Watkins's own medical records, both with handwritten notes by Watkins. While the Taylor and Chambers exceptions may well apply to these documents, they are unnecessary for evaluation of the motion and need not be considered.

prejudice for time-barred claims); Mills v. Everest Reinsurance Co., 410 F. Supp. 2d 243, 249 (S.D.N.Y. 2006) (same).

## II. Analysis

### A. Statutes of Limitation

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007). See also Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997). "However, federal law, which governs the date of accrual of federal claims such as those asserted here, establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks and citations omitted). The underlying incident took place at Bellevue Hospital, in New York, New York. Accordingly, this Court will look to New York state law for the relevant statutes of limitations.

New York has a three-year statute of limitations for personal injury tort claims. N.Y. CPLR § 214(5) (McKinney). See also Garcia v. City of New York, 06 Civ. 0746 (LTS)(DCF), 2009 WL 2973002, at *3 (S.D.N.Y. Sept. 17, 2009) (citing Wallace, 549 U.S. at 388 and CPLR § 214(5)). Constitutional claims of excessive force are also subject to this limitation. See, e.g., Perez v. Police Dep't of City of New York, 872 F. Supp. 49, 51 (S.D.N.Y. 1994). Meanwhile, New York has a one-year statute of limitations for claims of slander, assault and battery. N.Y. CPLR § 215(3). See Sawyer v. Wight, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) (citing CPLR § 215(3) for the limitation on assault and battery

claims); Cullin v. Lynch, 979 N.Y.S.2d 92, 92 (2d Dep't 2014) ("The statute of limitations for an action to recover damages for slander is one year, measured from the date of the publication or utterance of the allegedly slanderous statement." (citations omitted)).

In *pro se* cases, courts recognize the difficulty prisoners face in ensuring that their mail is sent on time. Accordingly, courts apply the "mailbox rule" and date the complaint as being filed when the prisoner "delivered the notice to prison authorities for forwarding to the District Court." Houston v. Lack, 487 U.S. 266, 270 (1988).

Given the allegations in the complaint, there can be no argument that Watkins did not become aware of the incident at or very soon after the time that it occurred, and thus his excessive force, assault and battery claims began accruing on July 30, 2010.[3] See Singleton, 632 F.2d at 191 ("Under New York law a claim for assault accrues at the time of the assault . . . ."). The limitations period for the state law assault and battery claims expired one year later, on August 1, 2011, and the period for the constitutional excessive force claim expired on July 30, 2013. Ramos testified in June 2012, so construing the complaint as liberally as possible, Watkins's slander claim began accruing on June 29, 2012, and expired one year later, on July 1, 2013.

By his own admission, Watkins first mailed the complaint to the Court on October 23, 2013. His statements in his surreply that he originally mailed his complaint in May or June 2013 are directly contradicted by the date he wrote on the complaint, October 17, 2013, and his prior statement in his letter to Judge Preska that he mailed the complaint on October 23, 2013 (ECF No. 1 at 3).

---

[3] Even construing the plaintiff's documents to imply that he was not fully conscious at the time of the incident, he had the wherewithal to see a physician a week later, and an extra seven or ten days would not save his claims from being foreclosed by the relevant limitation periods.

Watkins also has made no argument or showing that equitable tolling should apply to his claims. "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). "Pro se filings, although held to more lenient standards, are not excused from establishing these elements." Victorial v. Burge, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007). Accordingly, Watkins's claims for excessive force, slander, assault and battery are barred under the applicable statutes of limitations and should be dismissed with prejudice.

### B. Federal Claims Not Time-Barred

#### 1. Conspiracy

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "In addition, 'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir. 1993) (citations, internal quotation marks, and internal alterations omitted)). "A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (citations omitted). The plaintiff also must allege that the defendants had a

"meeting of the minds" to deprive him of his constitutional rights. See id. ("[M]ere allegations that defendants' actions were committed 'in furtherance of a conspiracy' were not enough'" in earlier case to maintain action where "'plaintiff has alleged no facts at all from which a meeting of the minds between [defendants] on a course of action intended to deprive plaintiff of her constitutional rights can be inferred.'" (quoting Hickey–McAllister v. British Airways, 978 F. Supp. 139 (E.D.N.Y. 1997))). Finally, a plaintiff alleging a conspiracy to wrongfully imprison him "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (citation omitted).

Even construing the complaint with the necessary liberality, Watkins has made none of the necessary showings. Watkins alleges that Ramos conspired with the ADA to fabricate charges against him. Watkins's allegations stem merely from the facts that Watkins denies that he assaulted Ramos and that he did not believe Ramos saw a physician, and so the charges against Watkins must have been the product of a conspiracy.[4] Such conclusory statements are insufficient to make a valid allegation of conspiracy where Watkins has not shown any agreement, overt act, violation of a constitutional right,[5] meeting of the minds, or reversal or other judicial determination calling into doubt his conviction. Nor do such allegations rise to the necessary level of other, similar complaints, such as retaliatory

---

[4] In his surreply, Watkins also alleges that Ramos engaged in a conspiracy to violate his constitutional rights by falsely claiming that his wrist was broken during his interaction with Watkins. To the extent that this is a separate claim of conspiracy, Watkins also fails to state the necessary elements and, if the alleged conspiracy happened at the time Ramos sought medical treatment, the claim is also time-barred.

[5] As noted above, Watkins has not stated a valid claim of excessive force. As explored below, he has not stated any other valid constitutional claims.

prosecution. See Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 120 (2d Cir. 1995) ("It is, however, insufficient to merely plead facts upon which an inference of retaliatory prosecution may be drawn."). Accordingly, Watkins's claim of conspiracy fails as a matter of law both on the grounds that it is entirely conclusory and that it does not establish the necessary elements.

### 2.   Perjury

Perjury is a criminal charge that does not afford a private right of action, and thus a private party may not maintain a claim under it. E.g. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of [plaintiff]'s claims [including] perjury, which are crimes and therefore do not give rise to civil causes of action."); Qader v. Cohen & Slamowitz, 10 Civ. 1664 (GBD), 2011 WL 102752, at *5 (S.D.N.Y. Jan. 10, 2011) ("The perjury claim, 18 U.S.C. § 1621, which is based upon a criminal statute, is enforceable only by the United States Department of Justice, not by private individuals."). See also Sanchez v. Dankert, 00 Civ. 1143 (GBD)(FM), 2002 WL 529503, at *10 (S.D.N.Y. Feb. 22, 2002) (a claim for a crime such as perjury "necessarily fails, as a matter of law, because individuals . . . cannot bring suits as private attorneys general in an effort to right the potential wrongs therein set forth."). Accordingly, Watkins's perjury claim fails as a matter of law and should be dismissed.

### 3.   Other Alleged Constitutional Violations

In his surreply, Watkins further alleges violations of his rights under the Fifth, Eighth,[6] and Fourteenth Amendments.

---

[6] Claims alleging violations of the Eighth Amendment under § 1983 are subject to a three-year statute of limitations, and thus this allegation is also untimely. Covington v. City of New York, No. 98 Civ. 1285 (MGC), 1999 U.S. Dist. LEXIS 14574, at *15-*16 (S.D.N.Y. Sept. 21, 1999).

As a preliminary matter, it is well established that "[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). See also Keefe on Behalf of Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) ("Normally, we will not consider arguments raised for the first time in a reply brief . . . ."); Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 130 (S.D.N.Y. 2014) (quoting Knipe); Rowley v. City of New York, 00 Civ. 1793 (DAB), 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) ("This Circuit has made clear it disfavors new issues being raised in reply papers."); 11 Moore's Federal Practice § 56.83, n.5.1 (Matthew Bender 3d ed.) ("New arguments in reply may be disregarded."). These considerations apply with equal, if not greater, force to surreplies.

Even assuming, *arguendo*, that Watkins's surreply is in fact a supplement to his opposition, it would still be too late to add new counts to his complaint. "Allegations made outside of the complaint are not properly before the court on a motion to dismiss." In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 79 (D. Conn. 1994). See also Goplen v. 51job, Inc., 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006) (citing In re Colonial, 854 F. Supp. at 79, sub nom. Pasternak v. Colonial Realty, 854 F. Supp. 64, 79 (D. Conn. 1994)); Lerner v. Forster, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) ("New claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss."); 2 Moore's Federal Practice § 12.34[2] ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Because Watkins did not argue any other constitutional violations in his complaint, he may not now raise them, either in an opposition or a surreply.

### C. State Law Claims

The Court has supplemental jurisdiction over the plaintiff's related state law claims. 28 U.S.C. § 1367(a). The exercise of that jurisdiction is within the discretion of the district court; likewise, "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). See also Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) ("[T]he exercise of supplemental jurisdiction is left to the discretion of the district court . . . .").

Although the Court of Appeals has "generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims," such a limitation does not control here, as that qualification is generally applied "where the state law governing these claims is unsettled." Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC, 414 F. App'x 334, 337 (2d Cir. 2011). Watkins's case, on the other hand, is based on black letter law. Accordingly, I recommend that the Court exercise its supplemental jurisdiction to dismiss Watkins's state claims, which I will address in turn.

#### 1. Excessive Force, Assault and Battery

As noted above, Watkins's state law claims of excessive force, assault and battery are time-barred.

#### 2. Slander

In addition to being time-barred, Watkins's slander claim fails as a matter of law. Watkins predicates his slander claim on Ramos's testimony during a trial in June 2012. But in a § 1983 suit alleging slander in a witness's trial testimony, "a trial witness has absolute

11

immunity with respect to *any* claim based on the witness' testimony." Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) (emphasis in original). The policy goals behind such a standard are clear. "Without absolute immunity for witnesses . . . the truth-seeking process at trial would be impaired. Witnesses might be reluctant to come forward to testify, and even if a witness took the stand, the witness might be inclined to shade his testimony in favor of the potential plaintiff for fear of subsequent liability." Id. (internal quotation marks and citation omitted).

The New York Court of Appeals likewise acknowledges the privilege inherent to trial testimony:

> The public interest requires that such statements be absolutely privileged so that those discharging a public function may speak freely in doing so, insulated from harassment and fear of financial hazard. In judicial proceedings the protected participants include the Judge, the jurors, the attorneys, the parties and the witnesses. They are granted this protection for the benefit of the public, to promote the administration of justice, and only incidentally for the protection of the participants. Thus . . . a witness is immune from suit for defamatory remarks pertinent to a judicial proceeding . . . .

Park Knoll Associates v. Schmidt, 451 N.E.2d 182, 183 (1983) (citations omitted).

Watkins's claim is based on Ramos's testimony in a judicial proceeding, and Ramos's statements there were clearly witness testimony entitled to absolute privilege under both state and federal law. Accordingly, in addition to being time-barred, Watkins's perjury claim fails as a matter of law and should be dismissed.

### 3. Fraud

Watkins also makes a claim of fraud against Ramos. In his opposition papers, Watkins alleges that his claim falls under the Uniform Commercial Code ("UCC"), specifically UCC 9-102(a)(13), which defines a commercial tort claim. A definition by itself cannot give rise to a cause of action. Further, even construing the complaint as liberally as

possible, the plaintiff, despite his claims to the contrary, is not an organization or being held because of a business or professional reason. Because the factual scenario Watkins alleges has no relation to commercial law, and because it is conclusory and implausible, his claim under the UCC fails as a matter of law and should be dismissed.

### 4. Notice of Claim

New York's notice of claim law provides an additional basis on which to dismiss Watkins's state law complaints. N.Y. Gen. Mun. Law § 50(e) requires that a plaintiff give state officers a notice of claim "within ninety days after the claim arises," and failure to meet this requirement is grounds for dismissal. Republic of Argentina v. City of New York, 250 N.E.2d 698, 704 (1969). Indeed, "[t]he appropriate remedy for failure by the plaintiff to comply with a statutory notice of claim requirement is dismissal of the action, even if the claim is meritorious." PBS Bldg. Sys., Inc. v. City of New York, 94 Civ. 3488 (JGK), 1996 WL 583380, at *3 (S.D.N.Y. Oct. 10, 1996) (collecting cases). Watkins has made no showing that he filed a notice of claim, and accordingly, in addition to the reasons stated above, his state law claims may be dismissed on this ground alone.

## CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss under Rule 12(b)(6) should be GRANTED as to all counts of the complaint.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
February 27, 2015

\* \* \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).


CC:   Dennis Watkins (*By Chambers*)
      12-A-3635
      Attica Correctional Facility
      639 Exchange St
      Attica, NY 14011-0149
      PRO SE