UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DENNIS WATKINS,                                               :
                                        Plaintiff,            :
                                                              :
                -against-                                     :
                                                              :
                                                              :
POLICE OFFICER RAMOS,                                         :
                                        Defendant.            :
                                                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/07/2016

14 Civ. 2748 (LGS) (SN)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

Plaintiff, proceeding pro se, brings suit against Defendant pursuant to 42 U.S.C. § 1983 alleging "Slander, Fraud, . . . Assault 2nd Degree, Conspiracy." Before the Court is the Report and Recommendation of Magistrate Judge Sarah Netburn (the "Report"), recommending that Defendant's motion to dismiss be granted and the case dismissed with prejudice. For the reasons stated below, the recommendation is adopted and the case is dismissed.

**I.   FACTS**

The following facts are taken from the Report, the Complaint and Plaintiff's submissions. The facts alleged in the Complaint are assumed to be true for purposes of this opinion, which measures only the sufficiency of the Complaint and does not reach the merits of Plaintiff's claims.

On July 30, 2010, Watkins was in Bellevue Hospital Center, where he was committed following his arrest for assaulting Police Officer Joseph Mattarazzo. Watkins, Defendant Ramos and another officer had an altercation during which Ramos reported that he had suffered a broken wrist. According to the Complaint, Ramos lied about his wrist injury and conspired with

Assistant District Attorney John Chananie to fabricate "a charge of assault in the second degree" against Watkins.  The Complaint further alleges that around August 7 to 10, 2010, Watkins saw physicians at Bellevue for neck and back pain and was told that he had a fracture in the third vertebrae of his neck and that the incident with Ramos may have aggravated or exacerbated Watkins' neck injury and that Ramos "is certainly part if not the entire blame for this injury."  In June 2012, Ramos testified about the altercation -- falsely, according to Plaintiff -- in a criminal proceeding against Watkins.  Based on Watkins' submissions, that proceeding appears to have been a trial in which Watkins was convicted of assaulting Officer Matarazzo.

## II.   PROCEDURAL HISTORY

The Complaint in this case was filed April 15, 2014[1] but apparently Watkins had signed and submitted it on October 23, 2013.  The front page of the Complaint bears the notation "10/17/2013," and the last page bears a notary's date of "10/23/13."  The document bears no notary's signature or stamp, but states that it is "copied from the original petition."  Filed with the Complaint is a cover letter to the Chief Judge with the notation "4/27/14" next to a "Received" date stamp of "April [illegible], 2014."  The letter states, "As I look at the original document that I drew up on 10/17/2013 and was notarized and mailed to your court 10/23/2013."

This case was referred to Judge Netburn on September 9, 2014.  On October 10, 2014, Defendant filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On February 27, 2015, Judge Netburn issued the Report to which no objection was filed.

---

[1] The same document shows that it was filed on April 28, 2014 in Watkins' case seeking a writ of habeas corpus, 13-cv-5560.  The petition for a writ was denied and the case was closed on January 16, 2014.

The Report interprets the Complaint as alleging federal claims under 42 U.S.C. § 1983 of excessive force, slander, assault, battery, conspiracy and perjury; and state law claims of excessive force, assault, battery, slander and fraud. The Report recommends granting Defendant's motion to dismiss for the following reasons: (1) the federal claims for excessive force, slander, assault and battery because they are barred by New York's statute of limitations -- three years for personal injury tort claims including excessive force, and one year for slander, assault and battery; (2) the 1983 conspiracy claim because his conclusory allegations fail to plead the necessary elements of such a claim; (3) the perjury claim because it is a criminal charge that does not afford a private right of action; (4) Plaintiff's additional allegations of violations of the 5th, 8th and 14th Amendments because they were raised too late, in his surreply, instead of in the Complaint; (5) the state law claims of excessive force, assault, battery and slander because they are barred by New York's statute of limitations; and slander, additionally, because any witness receives absolute immunity; (6) the fraud claim under the Uniform Commercial Code ( "UCC") because the UCC 9—102(a)(13), upon which Plaintiff relies, does not give rise to a cause of action and in any event does not apply to Plaintiff, who is not an organization or being held for a business or professional reason; (7) all of Plaintiff's state law claims additionally because Plaintiff failed to file a notice of claim within 90 days as required by New York state law. The Report recommends granting Defendant's motion to dismiss.

By Opinion and Order on April 3, 2015, the Court adopted the Report in its entirety and closed the case on April 6, 2015. On April 22, 2015, the Court vacated its prior opinion and reopened the case, having been informed that Plaintiff had not received a copy of the Report and therefore could not file his objections. The Court granted Plaintiff two extensions of time to file objections. After Plaintiff failed to file by the second deadline, on July 23, 2015, the Court

granted Defendant's motion to dismiss the case without prejudice to reopening in the event that Plaintiff filed any objections to the Report by January 23, 2016. Plaintiff filed his objections on December 1, 2015.

### III. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 72(b)). The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *Trs. of the Mason Tenders v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The statute of limitations is . . . an affirmative defense . . . on which the defendant has the burden of proof." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 710 (2d Cir. 2004) (internal citation omitted). Thus, on a motion to dismiss, a claim may be dismissed as time-barred "only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

Where, as here, a litigant is proceeding pro se, it is "well established" that his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks, citation, and emphasis omitted).

## IV. DISCUSSION

### A. Federal Claims

Plaintiff brings his claims under 42. U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted).

The factual allegations in the Complaint can be construed to allege § 1983 claims of excessive force in violation of the Fourth Amendment, and deprivation of the right to a fair trial based on the fabrication of evidence. *See Shamir v. City of New York*, 804 F.3d 553, 556 (2d Cir. 2015) ("[T]he use of excessive force renders a seizure of the person unreasonable and for that reason violates the Fourth Amendment"); *Morse v. Fusto*, 804 F.3d 538, 547 n.7 (2d Cir. 2015)

(agreeing that "[r]egardless of which constitutional amendment prohibits government officers from fabricating evidence [the Sixth Amendment right to a fair and speedy trial, or under the due process clauses of the Fifth and Fourteenth Amendments,] such conduct is redressable through a § 1983 action for damages.").

"Section 1983 provides a federal cause of action, but . . . federal law looks to the law of the State in which the cause of action arose.  This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  The proper state statute of limitations period is that provided for personal injury actions in general, and not any separate limitations periods for specified intentional torts. *See Owens v. Okure*, 488 U.S. 235, 236 (1989).  Because the events at issue here occurred in Manhattan, New York's 3-year residual statute of limitations for personal injury claims applies. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214(5) (McKinney 2015).

Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury on which the claim is based.  *See Pearl*, 296 F.3d at 80.  "[I]n applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood,* 528 U.S. 549, 555 (2000).

Here, Plaintiff's excessive force claim accrued on or about July 30, 2010, and expired three years later on July 30, 2013.  His fair trial claim accrued in June 2012 and expired in June 2015.  Construing all facts in the light most favorable to the pro se Plaintiff, and taking into account the delays in mailing, receiving and filing pro se submissions, the earliest date from which to measure the filing of Plaintiff's claims is October 23, 2013, when Plaintiff states that he signed and submitted his Complaint. *C.f. Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that the incarcerated petitioner's notice of appeal was filed within the requisite time frame

because the "situation of prisoners seeking to appeal without the aid of counsel is unique"). Consequently, Plaintiff's § 1983 excessive force claim is time barred. His fair trial claim is timely.

In his Objection, Plaintiff argues that the date of his original claim was May 16, 2013, and that he sent an "addendum" for the additional constitutional violations on May 17, 2013, but only because of an alleged delay of almost a year for his Complaint to be docketed. Plaintiff provides no factual support for these statements except his own conclusory allegations. To the contrary, Plaintiff admits in the letter appended to the Complaint on the docket that he mailed the Complaint on October 23, 2013, and makes no mention in that letter of any dates in May.[2] Plaintiff's § 1983 excessive force claim is therefore time barred by the three-year statute of limitations.

Plaintiff's fair trial claim, although timely, is also dismissed because a trial witness, whether a police officer or a civilian, has absolute immunity from any 1983 claim based on that witness's testimony. *See Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1506 (2012) (extending to a grand jury witness the same absolute immunity for testimony as enjoyed by a trial witness).

**B. State Claims**

Although the Complaint does not purport to assert any claims under state law, the facts alleged can be construed to assert state common law claims. In addition, Plaintiff asserts that his fraud claim arises under the UCC, which is construed to be the New York Uniform Commercial Code. Finding that the factual and legal bases supporting the findings and conclusions in the Report as to the state law claims are not clearly erroneous or contrary to law, the Report is

---

[2] Plaintiff also lodges objections concerning his § 1983 conspiracy theory. He states that because Defendant has not produced any medical records showing that Ramos broke his wrist, that is evidence of conspiracy. As noted above, this decision does not reach the merits of the federal claims as they are time barred.

adopted as to those claims. Plaintiff raises several objections relating to the state claims and to the Report generally, none of which overcome the deficiencies in the Complaint. These are reviewed de novo as follows.

First, Plaintiff challenges Judge Netburn's impartiality. He states, for example, that she is "a Ministerial officer who is incompetent to receive grants of Judicial Power from any Legislature" and that as a judicial officer, she is "prohibited from substituting her Evidence, Testimony, Record, Arguments, and Rationale" for an agency like the New York City Law Department; that she is "acting in the capacity of an Attorney for the NYC Law Dept. and these grounds alone satisfy enough reason to dismiss [the Report]."[3] These objections are overruled as conclusory and without factual basis.

Plaintiff also argues that he mailed his notice of claim within 90 days after the claim arose as required by New York General Municipal Law § 50(e). Plaintiff has not produced any evidence to support this assertion. Therefore, his state law claims fail on this ground among others. *See Banigo v. Bd. of Educ. of Roosevelt Union Free Sch. Dist.*, 962 N.Y.S.2d 896, 901 (Sup. Ct. 2013) (citing *PBS Bldg. Sys., Inc. v. City of New York*, 94 Civ. 3488, 1996 WL 583380 at *3 (S.D.N.Y. Oct. 10, 1996) ("The appropriate remedy for failure by the plaintiff to comply with a statutory notice of claim requirement is dismissal of the action, even if the claim is meritorious.")); *see also Warner v. Village of Goshen Police Dep't.,* 256 F.Supp.2d 171, 174 (S.D.N.Y.2003) ("The provisions of N.Y. Gen. Mun. Law § 50–I apply not only to claims

---

[3] Plaintiff cites to two cases that are inapposite here. The first, *Burns v. Superior Court of City & Cty. of San Francisco*, 140 Cal. 1, 73 P. 597 (1903), concerns a civil contempt proceeding which was affirmed against petitioner. The second, cited as *Asis v. U.S.*, 568 F.2d 284, does not exist; *Am. Iron & Steel Inst. v. EPA*, 568 F.2d 284 (3d Cir. 1977) concerns final regulations of the Environmental Protection Agency.

against municipalities, but also to suits against 'officer[s], agent[s] or employee[s]' whose conduct caused the alleged injury.").

Plaintiff objects to Judge Netburn's dismissal of his UCC claim for fraud, arguing that he falls under the UCC because of "the Unauthorized Misuse of my intellectual property (My Name) in All Capital Letters symbolizing an account derived from my record of birth making me the Principal of the account, as well as Fiduciary Trustee." These objections are overruled because they are legally without basis. The UCC does not give rise to Plaintiff's fraud claim.

Plaintiff concludes his objections by lodging threats at Officer Ramos, the New York City Law Department, and the legal system at large, e.g., "We will go to the Far Reaches of the Universe for Justice; Should we have to change venues and seek anodynes in our Nations Capital, away from the Racketeers of the State of New York, So be it." These are not objections to the Report and are not further addressed here.

## V. CONCLUSION

For the foregoing reasons, the recommendation in the Report is ADOPTED. Defendant's motion to dismiss is GRANTED, and the case is DISMISSED with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and mail a copy of this Opinion and Order to Plaintiff at the following address:

Dennis Watkins
12-A-3635
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541.

SO ORDERED.

Dated: June 7, 2016
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**